## Richmond.

### T. H. FETTERS *v.* COMMONWEALTH.

January 18, 1923.

VIEW—*Criminal Law—Right of Accused to be Present at View by Jury.*—In the instant case, a prosecution for murder, it was held error for the jury to be permitted to view the alleged scene of the crime in the absence of the accused. The fact that accused did not ask to be allowed to attend the view was immaterial, because he could not, under the law of this State, waive his right to be present.

Error to a judgment of the Corporation Court of the city of Newport News.

*Reversed.*

The opinion states the case.

*J. Winston Read* and *H. M. Smith, Jr.,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

KELLY, P., delivered the opinion of the court.

The defendant, Thomas H. Fetters, was indicted for murder, and the jury found him guilty of that crime in the second degree, fixing his punishment at six years in the penitentiary. Thereupon the prisoner by counsel moved the court to set aside the verdict of the jury "on the grounds that the same is contrary to the law and the evidence; for improper remarks and arguments in the presence of the jury by the Commonwealth's attorney;

for the misdirection of the jury by the court, and for the improper admission and exclusion of evidence," and there was a further motion for a new trial on the ground of after-discovered evidence, but the court overruled the motion and passed sentence upon the prisoner in accordance with the verdict.

The first question which we shall consider is fully and clearly disclosed by the following bill of exceptions:

"Be it remembered that on the trial of this case, after the argument of the counsel for the Commonwealth and for the accused, and the jury were about to retire to their room to consider their verdict, the jury expressed a desire to view the scene of the alleged shooting; thereupon the court, without objection on the part of the accused or his counsel, committed the jury to the sergeant of the city of Newport News and instructed the sergeant to take the jury to the alleged scene of the shooting, instructing the jury that they were not to go to hunt up evidence, but that they might better understand and apply the evidence before them, and further ordered that no one accompany the sergeant and the jury, but the court, in its order, in no sense forbade the accused and his counsel to accompany the jury, nor passed upon or considered the propriety or impropriety of their doing so, this order merely having reference to the keeping of the jury to themselves and free from all outside interference and influence; nor did the court order the sergeant to take the accused along with him, nor did the court direct the accused and his counsel to accompany the sergeant and the jury, nor did the accused or his counsel suggest that they or either of them should accompany the jury, and the failure of the court to direct, require and provide for the presence of the accused at this stage of his trial being assigned as error on the motion for a new trial in this cause, and the court refusing

to set aside the verdict of the jury and grant a new one on this ground, the defendant, by counsel, then and there excepted, and now tenders this, his Bill of Exceptions No. 8, and prays that the same may be signed, sealed and made a part of the record, which is accordingly done."

We have fully considered the question made by the foregoing bill of exceptions in an opinion handed down today in the case of *Noell* v. *Commonwealth, post* p. 600, 115 S. E. 679, and for the reasons therein stated must hold that it was error for the jury to be permitted to view the alleged scene of the shooting in the absence of the prisoner. The fact that he did not ask to be allowed to attend the view was immaterial, because, as pointed out in the *Noell Case*, he could not, under the law of this State, waive his right to be present.

The remaining assignments of error may be very briefly disposed of as follows: (1) As the case must be sent back for a new trial, we express no opinion upon the sufficiency of the evidence to warrant a conviction. (2) We find no error in the instructions given by the court to the jury. (3) The question as to the impropriety of remarks and arguments of the attorney for the Commonwealth is debatable, but we are not prepared to hold that there was any abuse of discretion by the trial judge in this respect. (4) The action of the court in refusing to grant a new trial for alleged after-discovered evidence will not be in question again, and the same may be said as to the admission of certain evidence for the Commonwealth after a portion of the argument before the jury had been concluded.

The judgment complained of will be reversed and the cause remanded for a new trial.

*Reversed.*